IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KEVIN D. BAKER                                                                                           PLAINTIFF

     v.                         CIVIL NO. 3:12-cv-03063-PKH-JRM

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                   DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

     Plaintiff, Kevin D. Baker, filed this action on May 21, 2012, seeking judicial review of a decision of the Commissioner of Social Security ("Commissioner") pursuant to 42 U.S.C. § 405(g). Pl.'s Comp., ECF No. 1. In place of an answer, the Commissioner filed a motion to remand for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g). ECF No. 6. Specifically, the Commissioner seeks remand to: (1) consider evidence submitted by Plaintiff's attorney to the Appeals Council on May 17, 2011; and (2) consolidate all of Plaintiff's claims, as per the request of the Appeals Council. Def.'s Mot. Remand 1-2.

     The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. 42 U.S.C. § 405(g). The fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

Here, the undersigned finds remand to allow the Commissioner to further evaluate the evidence as addressed above, appropriate. Therefore, it is recommended that the Commissioner's motion be granted and the case be remanded for further administrative action pursuant to sentence six of section 405(g).

**The parties have <u>fourteen</u> days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

ENTERED this 14th day of August 2012.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)